UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Beth Ann Collopy,
   Plaintiff

V                                     Civil Action No. 1:22-ev-00184-SE

Marquis Management, LLC
   Defendant

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S

## SUMMARY JUDGMENT PLEADINGS

NOW COMES the plaintiff, by and through her attorneys, and states as follows:

1. Pursuant to FRCP 56 (a), the moving party must show that there is no genuine dispute as to any material fact.

2. Local Rule 56.1 (a) requires the moving party to "incorporate a short and concise statement of material facts".

3LR 56.1 (b) provides that "all properly supported material facts set forth in the moving party's factual statement may be deemed admitted unless properly opposed by the adverse party".

4. In lieu of a "short and concise" statement of material facts, defendant provides a narrative account.

5. Defendant's narrative fails to comply with the local rule in the following regards:

1

     a) It is neither short nor concise consisting of 121 sentences containing at least 143 factual allegations.

     b) Instead of containing a listing of alleged material facts, it utilizes an unnumbered narrative form making it virtually impossible to provide a responsive answer to each factual allegation.

     c) It fails to delineate between material and background facts.

6. These violations defeat the purpose underlying the local rule to identify the material facts in dispute, if any.

7. They place an undue burden upon the plaintiff in responding to an unnumbered narrative, and upon the Court in determining what is in genuine dispute.

8. Plaintiff has no objection to defendant including a narrative of fact in its memorandum. However, that narrative should not be a substitute for a short and concise statement of the alleged material facts.

9. It is unfair and unreasonable for the plaintiff be required to respond to all 143 unnumbered factual allegations or risk having the allegations deemed admitted.

10. For plaintiff to respond individually to each factual allegation contained in defendant's narrative, together with citing to the record for all disputed facts, would likely require at least the 25 pages memorandum page limit contained in LR 7.1., without leaving any space for legal argument.

11. The high number of material facts alleged in defendant's memorandum is, in itself, strong evidence that this is a fact intensive case not appropriate for summary judgment.

12. Should defendant continue to seek a summary resolution, it should be required to file a statement of material facts in compliance with the local rule, and the policies underlying it.

WHEREFORE, plaintiff respectfully requests:

a. That defendant's Summary Judgment pleadings be stricken for failure to comply with LR 56.1.

b. In the alternative, that the Motion for Summary Judgment be denied;

c. In the alternative, that defendant be required to provide a short and concise numbered listing of material facts;

d. That plaintiff's time to respond be stayed until a submission of this listing;

e. If the above relief not be granted, that plaintiff be granted reasonable additional time and an extended page limit for its Summary Judgment response.

f. That the defendant be ordered to reimburse plaintiff for her reasonable attorneys' and expenses on this Motion.

g. For such other relief as the Court deems just and equitable.

Respectfully submitted,

Beth Anne M. Collopy
By Her Attorneys:
BACKUS, MEYER & BRANCH, LLP

Dated: July 25, 2023          By:

/s/ Jon Meyer
Jon Meyer, Esq. (NH Bar # 1744)
Backus, Meyer and Branch, LLP
116 Lowell Street
P.O. Box 0516
Manchester, NH 03105-0516
603-668-7272
jmeyer@backusmeyer.com

## Certification of Service

I hereby certify that a copy of the foregoing was this day served, via ECF mail, on counsel for the defendant.

Dated: July 25, 2023          /s/ Jon Meyer