UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| BETH ANNE M. COLLOPY | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No. 1:22-CV-00184-SE** |
| | ) | |
| v. | ) | |
| | ) | |
| MARQUIS MANAGEMENT, LLC | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUMMARY JUDGMENT PLEADINGS

Defendant Marquis Management, LLC ("Marquis") hereby objects to Plaintiff's Motion to Strike Defendant's Summary Judgment Pleadings.

1.     On July 18, 2023, Defendant filed a Motion for Summary Judgment (Doc. No. 21) (the "Motion") which seeks the dismissal of all of Plaintiff's claims.[1] *See* Doc. Nos. 21; 21-1. Rather than responding to the substance of the Motion, Plaintiff now challenges its form, which is entirely in compliance with the Local and Federal Rules. *See generally* L.R. 56.1; Fed. R. Civ. P. 56(a), (c). Because Defendant's Motion-related pleadings and Statement of Material Facts comply with the Rules, and Plaintiff has identified no legitimate basis for the relief sought, Plaintiff's Motion to Strike should be denied.

2.     Plaintiff seeks to strike the entirety of Defendant's summary judgment pleadings for three reasons: (1) the length of Defendant's Statement of Material Facts in support of the Motion; (2) the so-called "narrative form" of the Statement of Facts; and (3) the alleged lack of a

---

[1] Plaintiff's Complaint alleges claims for retaliation under Title VII (Count V), the Americans with Disabilities Act Amendments Act ("ADA") (Count IV), related state law (Count I), and the New Hampshire Whistleblowers' Protection Act ("WPA") (Count II), as well as a claim for wrongful discharge (Count III). *See generally* Complaint.

delineation between "material and background" facts.  Motion to Strike, p. 2, ¶ 5 a.-c.  None of these reasons is availing, and none justifies the relief sought.

3.      Local Rule 56.1 (a) states, in pertinent part, that a memorandum in support of a motion for summary judgment "shall incorporate a short and concise statement of material facts, supported by appropriate record citations, as to which the moving party contends there is no genuine issue to be tried." L.R. 56.1 (a).  That is precisely what Defendant's Memorandum of Law contains. *See* Doc. No. 21-1, Statement of Material Facts, pp. 2-15.  The Rule does not define what constitutes a "short and concise" statement of material facts. L.R. 56.1 (a).  It does not require the use of numbered paragraphs, nor does it prohibit the use of a narrative format. *See* L.R. 56.1 (a).

4.      Here, Defendant's Memorandum of Law in support of the Motion (Doc. No. 21-1) is just over 27 pages total, and it includes both a Statement of Material Facts and all of Defendant's legal arguments relating to Plaintiff's five claims, as the Local Rules in this district require.  *See* Doc. No. 21-1; *see also* L.R. 56.1 (a). Prior to filing the Motion, Defendant sought a three-page enlargement of the page limit, with Plaintiff's assent, and this Court granted the request.  *See* Doc. No. 20, Assented-to Motion to Enlarge Page Limit; *see also* July 18, 2023 Endorsed Order granting Motion to Exceed Page Limit; Doc. No. 21-1.

5.      In accordance with Local Rule 56.1 (a), Defendant's Statement of Material Facts consists of approximately twelve double-spaced pages of material facts and specific citations to supporting authority in the record. Doc. No. 21-1, pp. 3-15.  There are no "background facts," and Defendant submits that all facts contained in the Statement of Material Facts are material. *See id*.  The Statement of Material Facts cites a summary judgment record that consists of excerpts from a handful of depositions, and only nine documents, which were attached to a

sworn Declaration signed under the penalty of perjury. *Id.* In her Motion to Strike, Plaintiff

does not appear to contest the manner in which these citations were made, or the specificity of

the citations to the record, which comply with the Local Rule. *Compare* Doc. No. 21-1 at pp. 2-

15 *with* L.R. 56.1 (a).

6.      Defendant notes that it recently filed a Motion for Summary Judgment in a related

action in which Plaintiff had been deposed, *Daniel Lieber v. Marquis Management, LLC*, *et al*,

1:21-CV-968-JL (the "Lieber Matter").  That Motion remains pending before this Court

(Laplante, J.), and it mirrors the format of Defendant's Motion in the instant case. *See generally*

Lieber Matter, Doc. No. 62-1. Both Statements of Material Facts use the same form. *See id.; see*

*also* Doc. No. 21-1.  In the Lieber Matter, Plaintiff responded with an Objection that includes

Defendant's Statement of Material Facts as an exhibit, assigning numbers to each sentence. *See*

Lieber Matter, Doc. No. 82-11. In an informal conference, the Court (Laplante, J.) approved the

format.

7.      In this case, Plaintiff argues in her Motion to Strike that it would be impossible

for her to respond to each factual allegation in Defendant's Statement of Material Facts with

citations to the record while complying with the page limits of L.R. 7.1, "without leaving any

space for legal argument."  The argument rings hollow, because Defendant included all relevant

material facts with record citations, and asserted legal arguments addressing each of Plaintiff's

claims, in 27 pages of briefing. *See* Doc. No. 21-1.  Plaintiff can do the same in an Objection.

8.      Furthermore, Defendant suggests Plaintiff's issues, which Defendant does not

agree with, could be remedied in a number of ways, including by: (1) attaching a copy of

Defendant's Statement of Material Facts as an exhibit to her Objection, assigning numbers to

each sentence herself, and responding to the numbered sentences in a table contained within her

Objection; or (2) seeking leave of Court to file an Objection containing excess pages.  Defendant

would not oppose either mechanism, or even the use of both, provided Plaintiff's request for an

enlargement of the page limit is reasonable.  In fact, both procedures were utilized in the Lieber

Matter and in consultation with and the approval of this Court (Laplante, J.).  Here, Plaintiff

never contacted Defendant in an attempt to resolve the issue, and made no attempt to reach any

sort of agreement before seeking Court intervention with the radical request that Defendant's

Motion be stricken in its entirety.

        9.      Defendant submits that its Motion for Summary Judgment, Memorandum of Law,

and the Statement of Material Facts contained therein are in full compliance with Local Rule

56.1, and as such, striking them would be improper.  Likewise, it is not necessary for Defendant

to re-file any of its Motion-related papers in another form, as they comply with the Rules as

filed.  For these reasons, Plaintiff's Motion to Strike should be denied.

      WHEREFORE, Defendant respectfully requests that this Court issue an Order:

A.  Denying Plaintiff's Motion to Strike; and

B.  Granting such other relief as is just and proper.

                        Respectfully submitted,

                        MARQUIS MANAGEMENT, LLC

                        By its attorneys,

Dated: August 8, 2023            /s/ *Christopher H.M. Carter*
                        Christopher H.M. Carter (Bar No. 12452)
                        Owen R. Graham (Bar No. 266701)
                        Hinckley Allen
                        650 Elm Street, Suite 500
                        Manchester, NH 03101
                        Tel: (603) 225-4334
                        ccarter@hinckleyallen.com
                        ograham@hinckleyallen.com

/s/ *Lisa A. Zaccardelli*
Lisa A. Zaccardelli (*Admitted Pro Hac Vice*)
Hinckley Allen
20 Church Street
Hartford, Connecticut 06103-1221
Tel: (860) 331-2764
lzaccardelli@hinckleyallen.com

## CERTIFICATE OF SERVICE

I hereby certify that on the above date I caused a copy of the foregoing document to be served upon all counsel of record through the Court's ECF system.

/s/ *Christopher H.M. Carter*
Christopher H.M. Carter

63977859 v3